UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TXKADA, LTD., § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| DAVID HEATH ROBERTSON and § | SA-06-CV-1051 OG (NN) | |
| J. DANE ROBERTSON, Trustee, and § | | |
| JOSEPH DALE ROBERTSON, § | | |
| § | | |
| Defendants. § | | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  Hon. Orlando Garcia
     United States District Judge

### I. Introduction

This memorandum and recommendation addresses the motion to remand filed in this case by plaintiff TXKADA, LTD.[1] I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2] After considering the motion to remand, I recommend that the District Court remand this case to the Justice Court, Precinct No. 3, Kendall County, Texas.

---

[1]*See* docket entry # 4.

[2]*See* docket entry # 2.

## II.  Procedural Background

Defendant Joseph Dale Robertson removed this case from the Justice Court, Precinct No. 3, Kendall County, Texas on December 1, 2006.[3]  In his petition for removal, Robertson explained that he was removing a forcible detainer action filed in the justice court.[4]  Robertson asserted that both diversity and federal-question jurisdiction exists over the claims in the removed case.[5]  The plaintiff in the forcible detainer action—TXKADA—then moved to remand this case back to the justice court.  In its motion, TXKADA asserted that the District Court lacks subject matter jurisdiction.[6]  TXKADA also asked for its court costs, expenses and attorney's fees for improper removal.[7]  Robertson has not responded to TXKADA's motion.

## III.  Whether Subject Matter Exists in this Case

"[R]emoval statutes are to be construed strictly against removal and for remand."[8]  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[9]  Ordinarily, two bases exist for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  Under 28 U.S.C. § 1331, a federal court has jurisdiction over controversies involving questions of federal law.  Under 28 U.S.C. § 1332, a

---

[3]*See* docket entry # 1.

[4]*See* docket entry # 1, ¶ 1.

[5]*See* docket entry #1, ¶ 2.

[6]*See* docket entry # 4, ¶¶ 9-23.

[7]*See* docket entry # 4, ¶ 25.

[8]*Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996)/

[9]28 U.S.C. § 1447(c).

federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00.

No basis exists for federal-question jurisdiction in this case. When federal jurisdiction is based on a federal question, the action must arise "under the Constitution, laws, or treaties of the United States"[10]—that is, the action must raise a question of federal law. The petition attached to Robertson's petition for removal demonstrates that this action is one for forcible detainer. In the petition, TXKADA seeks judgment that the defendants—including Robertson—are guilty of forcible detainer. The petition bears the title, "Petition for Forcible Detainer," and a footer reading, "PETITION FOR FORCIBLE DETAINER." An action for forcible detainer is a question of state law, not federal law. In Texas, such actions are governed by the Texas Property Code.[11] Although Robertson asserts in his petition for removal that this case raises federal claims under the Fair Debt Collections Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Racketeer Influenced and Corrupt Organizations Act,[12] TXKADA's petition does not raise such claims. TXKADA's petition raises only a question of state law. Because TXKADA's petition does not raise a question of federal law, no basis exists for jurisdiction under 28 U.S.C. § 1331.

In addition, no basis exists for diversity jurisdiction. When federal jurisdiction is based

---

[10] 28 U.S.C. § 1331.

[11] *See* TEX. PROP. CODE ANN. §§ 24.001-24.008 (Vernon 2000 & Supp. 2006).

[12] *See* docket entry # 1, ¶ 6.

on diversity of citizenship, complete diversity must exist between the parties in the action.[13]  In his petition for removal, Roberston asserts that he is a citizen and resident of Texas.[14]  TXKADA has asserted in its motion—and Robertson has not contested[15]—that it is "a Texas Limited Partnership duly formed and existing under the laws of the State of Texas, having its principal place of business in Kendall County, Texas."[16]  Because a corporation is a citizen of the state "by which it has been incorporated and of the [s]tate where it has its principal place of business,"[17] TXKADA is a citizen of Texas.  Complete diversity does not exist here because both Robertson and TXKADA are citizens of Texas.  Consequently, no basis exists for diversity jurisdiction under 28 U.S.C. § 1332.

Without a basis for federal-question jurisdiction or diversity jurisdiction, the District Court lacks subject matter jurisdiction over this case and the case should be remanded to the justice court.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[18]  "Fees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe that the

---

[13] *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  *See also Felton v. Greyhound Lines*, 324 F.3d 771, 773 (5th Cir. 2003) ("Diversity jurisdiction requires (1) complete diversity of the parties and (2) an amount-in-controversy that exceeds $75,000.").

[14] *See* docket entry # 1, ¶ 2.

[15] Robertson does not appear to question TXKADA's citizenship; Robertson identified TXKADA as a citizen of Texas on his civil cover sheet when he removed this action.

[16] *See* docket entry # 5, ¶ 1.

[17] 28 U.S.C. § 1332(c)(1).

[18] 28 U.S.C. § 1447(c).

removal was legally proper.'"[19] Here, no objectively reasonable grounds existed to believe the removal was legally proper. TXKADA's petition in the justice court raises only one legal issue—forcible detainer. That issue is clearly a question of state law. Robertson's civil cover sheet reflects that complete diversity of citizenship does not exist. A petition that raises a question of state law in the absence of complete diversity of citizenship does not give rise to any objectively reasonable ground for believing removal is legally proper. Without an objectively reasonable ground to believe the removal was legally proper, TXKADA is entitled to its court costs, expenses and attorney's fees for improper removal.

## IV. Recommendation

Because no basis exists for subject matter jurisdiction in the case, I recommend that the District Court GRANT the motion to remand (docket entry # 4) and REMAND this case to the Justice Court, Precinct No. 3, Kendall County, Texas. I also recommend the AWARD of court costs, expenses and attorney's fees for the removal to TXKADA because no objectively reasonable grounds existed to believe the removal was legally proper. If the District Court accepts these recommendations, the District Court should DISMISS Robertson's motion to dismiss (docket entry # 6) as moot.

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum

---

[19] *Hornbuckle v. St. Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (citation omitted).

and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[20]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[21]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[22]

**SIGNED** on February 27, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[21] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[22] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).